[18013.  Department One. — March 29, 1893.]

E. W. RISLEY, APPELLANT, *v.* H. P. GRAY ET AL., RESPONDENTS.

PROMISSORY NOTE—FAILURE OF CONSIDERATION—PURCHASE OF MINE—FALSE REPRESENTATION AS TO VALUE—TRANSFER OF NOTE AFTER MATURITY—DEFENSE.— Where the maker of a note executed it in consideration of the sale to him of an interest in a mine, the purchase of the interest in the mine being made upon the false representation of the maker, and the mutual agreement and understanding between the maker and payee that the mine was worth more than the amount paid for it, whereas, in fact, it was of no value whatever, the note is without consideration, and a purchaser of the note at a sheriff's sale after its maturity takes it subject to the defense of a failure of consideration.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Sayle & Coldwell,* for Appellant.

*Church & Cory,* for Respondents.

HARRISON, J.— Action upon a promissory note, executed by the defendant Gray to the defendant Stevens.

The plaintiff's title to the note was derived by a purchase thereof after its maturity at a sheriff's sale under an execution issued upon a judgment against Stevens. The note had been executed by Gray in part-payment for the purchase of an interest in a mine in Fresno County. At the time of the purchase and execution of the note, Stevens represented to Gray that the value of the ore in the mine was enough when worked out to meet the amount of the purchase-price and notes given therefor, and the purchase by Gray and the execution of the note was made in reliance upon these representations. Upon working the mine it proved to be of no value, and thereupon Gray and Stevens mutually agreed to a surrender of the note and cancellation of its obligation; but the note itself was left with Stevens, and was not in fact delivered to Gray. This agreement was after the maturity of the note and prior to the purchase by the plaintiff at the sheriff's sale.

The defendant, Gray, in his answer alleged that the only consideration for the note was the purchase of this interest in the mine, and that he made the purchase upon the mutual agreement and understanding between him and Stevens that the mine was worth more than the amount paid for it; but that in fact it was of no value whatever. At the trial the court found in accordance with these allegations. These findings have not been excepted to by the plaintiff, and are sufficient to sustain the judgment. If Stevens had brought an action against Gray upon this note, the failure of consideration would have been a sufficient defense thereto, and the plaintiff, having acquired the note after its maturity, took it subject to the same defense.

This renders it unnecessary to consider what would have been the effect of the failure to surrender the note to Gray in pursuance of the oral agreement between him and Stevens for its cancellation, if the note had in fact been upon a sufficient consideration.

The judgment and order denying a new trial are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.